**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| UNITED FINANCIAL BANCORP, INC., WILLIAM H. W. CRAWFORD IV, ROBERT A. STEWART, JR., RAYMOND H. LEFURGE, JR., PAULA A. AIELLO, MICHAEL A. BARS, MICHAEL F. CROWLEY, KRISTEN A. JOHNSON, KEVIN E. ROSS, and PEOPLE'S UNITED FINANCIAL, INC., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 15, 2019 (the "Proposed Transaction"), pursuant to which United Financial Bancorp, Inc. ("United Financial" or the "Company") will be acquired by People's United Financial, Inc. ("People's United"), a Delaware corporation.

2. On July 15, 2019, United Financial's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with People's United. Pursuant to the terms of the Merger Agreement, United Financial's stockholders will receive 0.875 of a share of People's United stock for each

share of United Financial common stock they own.

3. On September 4, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for October 22, 2019.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of United Financial common stock.

9. Defendant United Financial is a Connecticut corporation and maintains its principal executive offices 225 Asylum Street, Hartford, Connecticut 06103. United Financial's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "UBNK."

10. Defendant William H. W. Crawford IV is Chief Executive Officer and director of the Company.

11. Defendant Robert A. Stewart, Jr. is Chairman of the Board of the Company.

12. Defendant Raymond H. Lefurge, Jr. is Vice Chairman of the Board of the Company.

13. Defendant Paula A. Aiello is a director of the Company.

14. Defendant Michael A. Bars is a director of the Company.

15. Defendant Michael F. Crowley is a director of the Company.

16. Defendant Kristen A. Johnson is a director of the Company.

17. Defendant Kevin E. Ross is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant People's United is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of United Financial (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of July 15, 2019, there were approximately 51,094,995 shares of United Financial common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. United Financial is the holding company for United Bank, a full service financial

services firm offering a complete line of commercial, small business, wealth management and consumer banking products and services to customers throughout Connecticut, Massachusetts and Rhode Island.

28. On July 15, 2019, United Financial's Board caused the Company to enter into the Merger Agreement with People's United.

29. Pursuant to the terms of the Merger Agreement, United Financial's stockholders will receive 0.875 of a share of People's United stock for each share of United Financial common stock they own.

30. According to the press release announcing the Proposed Transaction:

> People's United Financial, Inc. (NASDAQ: PBCT), the holding company for People's United Bank, N.A., announced today an agreement to acquire United Financial Bancorp, Inc. (NASDAQ: UBNK), the holding company for United Bank, in a 100% stock transaction valued at approximately $759 million. Completion of the transaction is subject to customary closing conditions, including receipt of regulatory approvals and the approval of United Financial Bancorp, Inc. shareholders. . . .
>
> Leadership, Governance and Headquarters
> Under the terms of the agreement, which has been approved by both companies' boards of directors, United Financial Bancorp, Inc. shareholders will receive 0.875 shares of People's United Financial stock for each United Financial Bancorp, Inc. share. The transaction is valued at $14.74 per United Financial Bancorp, Inc. share, based on the closing price of People's United's common stock on July 12, 2019.
>
> Keefe, Bruyette & Woods, Inc. served as financial advisor to People's United and Simpson Thacher & Bartlett LLP served as legal counsel to People's United.
>
> Sandler O'Neill & Partners served as financial advisor to United Financial Bancorp, Inc. and Sullivan & Cromwell LLP served as legal counsel to United Financial Bancorp, Inc.

31. The Merger Agreement contains a "no solicitation" provision that prohibits the Individual Defendants from soliciting alternative proposals. Section 6.11(a) of the Merger Agreement provides:

> The Company shall not, and shall cause its Subsidiaries and use its reasonable best efforts to cause its and their officers, directors, agents, advisors and representatives (collectively, "Representatives") not to, directly or indirectly, (i) initiate, solicit, knowingly encourage or knowingly facilitate inquiries or proposals with respect to any Acquisition Proposal, (ii) engage or participate in any negotiations with any person concerning any Acquisition Proposal or (iii) provide any confidential or nonpublic information or data to, or have or participate in any discussions with, any person relating to any Acquisition Proposal, except to (A) seek to clarify and understand the terms and conditions of any inquiry or proposal made by any person or (B) notify a person that has made or, to the knowledge of the Company, is considering making, an Acquisition Proposal, of the existence of the provisions of this Section 6.11(a). . . .

32. Additionally, the Company must promptly advise People's United of any proposals or inquiries received from other parties:

> The Company will promptly (and in any event within one business day) advise Purchaser following receipt of any Acquisition Proposal or any inquiry which could reasonably be expected to lead to an Acquisition Proposal, and the substance thereof (including the material terms and conditions of and the identity of the person making such inquiry or Acquisition Proposal, and copies of any proposed agreements, financing commitments, term sheets or letters of intent related thereto), and will keep Purchaser reasonably apprised on a current basis of any related developments, discussions and negotiations, including any amendments to or revisions of the material terms of such inquiry or Acquisition Proposal.

33. The Merger Agreement also provides for a "termination fee" of $28,278,000 payable by the Company to People's United if the Individual Defendants cause the Company to terminate the Merger Agreement.

***The Registration Statement Omits Material Information***

34. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

36. First, the Registration Statement omits material information regarding the Company's and People's United's financial projections.

37. The Registration Statement fails to disclose the "estimated dividends per share for United Financial for the years ending December 31, 2019 through December 31, 2023, as confirmed with the senior management of United Financial," as reviewed by the Company's financial advisor, Sandler O'Neill & Partners ("Sandler"), in connection with its opinion.

38. The Registration Statement fails to disclose the "net income and earnings per share estimates for People's United for the years ending December 31, 2019 and December 31, 2020, as, with respect to the earnings per share estimates only, confirmed by the senior management of People's United, as well as [the] long-term earnings per share growth rate for People's United for the years ending December 31, 2021 through December 31, 2023 based on publicly available mean analyst estimates, as approved by the senior management of United Financial for use in Sandler O'Neill's analysis, and estimated dividends per share for People's United for the years ending December 31, 2019 through December 31, 2020, based on guidance provided by the senior management of People's United," as reviewed by Sandler in connection with its opinion.

39. The Registration Statement fails to disclose "the pro forma financial impact of the merger on People's United based on certain assumptions relating to purchase accounting adjustments, cost savings and transaction expenses, as well as certain assumptions related to balance sheet restructuring activities following the closing of the merger, as provided by the senior management of People's United," as reviewed by Sandler in connection with its opinion.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Registration Statement omits material information regarding the analyses performed by Sandler and the Company's additional financial advisor, RP Financial ("RP").

42. With respect to Sandler's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Sandler in the analyses.

43. With respect to Sandler's Analysis of Selected Merger Transactions, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Sandler in the analysis.

44. With respect to Sandler's Net Present Value Analysis of United Financial, the Registration Statement fails to disclose: (i) estimated dividends per share; (ii) Sandler's basis for applying price to 2023 earnings per share multiples ranging from 11.0x to 16.0x and price to December 31, 2023 tangible book value per share multiples ranging from 105% to 180%; (iii) the terminal values for United Financial; and (iv) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 13.0%.

45. With respect to Sandler's Net Present Value Analysis of People's United, the Registration Statement fails to disclose: (i) the net income and earnings per share estimates for People's United for the years ending December 31, 2019 and December 31, 2020 and the long-term earnings per share growth rate for the years thereafter; (ii) estimated dividends per share; (iii) Sandler's basis for applying price to 2023 earnings per share multiples ranging from 10.5x to 13.0x and price to December 31, 2023 tangible book value per share multiples ranging from 120% to 195%; (iv) the terminal values of People's United; and (v) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 12.0%.

46. With respect to Sandler's Pro Forma Merger Analysis of People's United, the Registration Statement fails to disclose: (i) the assumptions relating to purchase accounting adjustments, cost savings, transaction expenses, and balance sheet restructuring activities; (ii) the extent to which the Proposed Transaction could be accretive to People's United's estimated earnings per share in the years ending December 31, 2020, December 31, 2021, December 31, 2022, and December 31, 2023; (iii) the extent to which the Proposed Transaction could be dilutive to People's United's estimated tangible book value per share at closing, December 31, 2019, and December 31, 2020; and (iv) the extent to which the Proposed Transaction could be accretive to People's United's estimated tangible book value per share at December 31, 2021, December 31, 2022, and December 31, 2023.

47. With respect to RP's net present value analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the 11.5% discount rate.

48. With respect to RP's value comparison analysis, the Registration Statement fails to disclose the 2020 mean analyst earnings per share estimates for People's United.

49. With respect to RP's selected transactions analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by RP in the analysis.

50. The Registration Statement fails to disclose the "regionally and financially comparable public companies" observed by RP in its analyses.

51. The Registration Statement also fails to disclose RP's basis for applying a 12 times earnings multiple in its analyses.

52. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53. Third, the Registration Statement omits material information regarding RP's engagement.

54. For example, the Registration Statement fails to disclose the amount of compensation RP will receive in connection with its engagement, as well as the amount of RP's compensation that is contingent upon consummation of the Proposed Transaction.

55. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56. Fourth, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained "don't ask, don't waive" provisions that are or were preventing other potential acquirors from requesting waivers of standstill provisions to submit offers to acquire the Company.

57. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

58. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) United Financial's Reasons for the Merger; Recommendation of United Financial's Board of Directors; (iii) Opinion of United Financial's Financial Advisor; (iv) RP Financial Analyses; and (v) Certain Financial Forecasts of United Financial.

59. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and United Financial

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. United Financial is liable as the issuer of these statements.

62. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

63. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

64. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

65. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

66. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

67. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and People's United

68. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69. The Individual Defendants and People's United acted as controlling persons of United Financial within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of United Financial and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

70. Each of the Individual Defendants and People's United was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

71. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

72. People's United also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

73. By virtue of the foregoing, the Individual Defendants and People's United violated Section 20(a) of the 1934 Act.

74. As set forth above, the Individual Defendants and People's United had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 12, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*